**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

------------------------------------------------X  Index No. 2:22-cv-01422

ANTHONY ZHANG,

           Plaintiff,

**COMPLAINT**

- against -

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

ROSENBAUM FAMULARO & SEGALL P.C.,

           Defendant.

------------------------------------------------X

Plaintiff ANTHONY ZHANG, by his attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of Defendant ROSENBAUM FAMULARO & SEGALL P.C., upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff ANTHONY ZHANG complains pursuant to the **Americans with Disabilities Act of 1990**, 42 U.S.C. § 12101, *et seq*. ("ADA") and the **New York State Human Rights Law**, New York State Executive Law § 296, *et seq*. ("NYSHRL"), and seeks damages to redress the injuries Plaintiff suffered as a result of being **discriminated** against on the basis of his **disability** and **terminated** by his employer in **retaliation** for taking a legally protected leave of absence.

2. Despite Plaintiff's qualifications and ability to execute the functions of his job, Defendant denied Plaintiff a reasonable accommodation for his disability and made no effort to engage in an interactive process. Furthermore, Defendant terminated Plaintiff's employment under the facade that he had resigned and employed outdated stereotypes of the mentally ill as dangerous people in an attempt to justify its actions.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is proper under 28 U.S.C. §§1331, 42 U.S.C. §2000e-5(f)(3), and 29 U.S.C. § 2617.

4. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state laws pursuant to 28 U.S.C. §1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief, occurred within this judicial district.

## PROCEDURAL PREREQUISITES

6. Plaintiff timely filed a Charge of Discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

7. Plaintiff received a Notice of Right to Sue from the EEOC, dated January 11, 2022, concerningthe herein charges of discrimination. A copy of the Notice is annexed hereto.

8. This action is being commenced within 90 days of receipt of said Notice of Right to Sue.

## PARTIES

9. Plaintiff ANTHONY ZHANG (hereinafter "Plaintiff") is a resident of the State of New York, Nassau County.

10. At all relevant times, Plaintiff was employed as Senior Paralegal by ROSENBAUM FAMULARO & SEGALL P.C., at their office located at 138A East Park Ave. Long Beach, NY 11561.

11. Defendant ROSENBAUM FAMULARO & SEGALL P.C. (hereinafter, "Defendant") is a domestic professional service corporation engaged in the business of providing legal services.

12. Defendant is an "employer" under the relevant statutes.

13. At all relevant times, Plaintiff was an employee of Defendant.

**MATERIAL FACTS**

14. On or about October 7, 2019, Plaintiff began working for Defendant as Paralegal earning $40,000 plus overtime. Plaintiff's annual salary when he was terminated was approximately $45,000.

15. At all relevant times, Kerry McDonald ("Kerry"), Senior Managing Paralegal, was Plaintiff's direct supervisor.

16. During his tenure, Plaintiff's work performance met or exceeded Defendant's legitimate expectations. Plaintiff's reviews of his performance were consistently satisfactory and excellent and, after his first year on the job, Plaintiff was lauded for making Defendant "a lot of money."

17. On or about February 5, 2021, Defendant recognized Plaintiff's contributions to his workplace by promoting him to Senior Paralegal with an attendant $5,000 raise.

18. Plaintiff has suffered from mental health disorders since the age of 19. In 2011, he was diagnosed with bipolar disorder and continues to receive treatment for his diagnosis.

19. As early as November 2019, Plaintiff put Defendant on notice of his disability, specifically that he has bipolar disorder.

20. Plaintiff has periodically taken time off from work as a result of his mental health condition. Despite Plaintiff's absences, he always completed his work in a timely and competent manner.

21. As a result of his disability, Plaintiff was subjected to disparate treatment and harassment.

22. On July 5, 2021, Plaintiff received notice that he had been in contact with someone who tested for COVID-19 over 4th of July weekend.

23. That day, Plaintiff began his quarantine and worked from home as agreed by Kerry and Cory Rosenbaum ("Cory"), Founding Partner.

24. On July 7, 2021, Plaintiff submitted to a COVID-19 rapid test, which had a negative result.

25. Later that day, Plaintiff informed Kerry about the negative COVID-19 test result and they agreed that Plaintiff would return to the office the following day. Plaintiff was never informed of any COVID protocols that Plaintiff needed to follow.

26. On the night of July 7, 2021, Plaintiff's experienced symptoms related to his bipolar disorder.

27. The following morning, Plaintiff arrived at work an hour early to catch up on his assignments. Later that morning, Plaintiff received messages from Briana London ("Briana"), Paralegal, in the company's internal messaging system, asking him to wear a mask because rapid COVID-19 tests might be inaccurate. Plaintiff felt singled out as other employees, including those who were unvaccinated, were not asked to wear a mask. This further exacerbated Plaintiff's already existing symptoms of bipolar disorder.

28. Plaintiff informed Eli Rosenbaum, ("Eli"), Director of Human Resources, and Kerry that he felt he was being harassed and that was leaving the office to go home as he was experiencing symptoms related to his bipolar disorder.

29. Later that morning, Eli sent Plaintiff a text message requesting a statement and evidence regarding the incident and stating that she would call Plaintiff in the afternoon, which she never did.

30. Plaintiff later responded to Eli as requested, with an email outlining incidents that caused Plaintiff to believe he was being harassed.

31. Plaintiff never indicated that he was resigning from his position; however, Plaintiff later received an email from Eli in which she claimed to have no choice but to accept Plaintiff's resignation "effective immediately." She also claimed that Plaintiff's violation of the company's previously unarticulated COVID-19 mask policy and Plaintiff's leaving the office as the reasons for accepting his resignation.

32. Plaintiff was shocked and, that evening, emailed Eli, explaining that it was never his intention to resign.

33. On the morning of July 9, 2021, Eli emailed Plaintiff informing him that she will not change his decision to accept Plaintiff's resignation because "we do not see eye to eye on this matter."

34. Plaintiff followed up by reiterating that he never intended to resign and believed he was being terminated due to his disability. Later that morning, Cory emailed Plaintiff asking that Plaintiff not return to the office.

35. Despite Plaintiff's request that Cory limited all future communications to writing via email, Cory called and left Plaintiff a voice message.

36. After Plaintiff reiterated his request to limit communications to email, Cory emailed Plaintiff to ask, "What resolution do you think is appropriate?"

37. When Plaintiff proposed severance agreement 4-months' salary, Cory replied with an email asking Plaintiff to delete all work files and a counteroffer of one week's salary.

38. When Plaintiff declined to accept the counteroffer, Cory replied by retracting his counteroffer and wishing Plaintiff luck in retaining an attorney.

39. Later that day, Eli emailed Plaintiff with separation documents.

40. On July 10, 2021, Plaintiff emailed Defendant's partners, Kerry McDonald (Senior Managing Paralegal and Plaintiff's direct supervisor), and Eli and reiterated that he had never resigned but was compelled to leave the office on July 8, 2021 because he was experiencing symptoms of bipolar disorder.

41. Cory responded by asking for the contact information of the attorney Plaintiff had retained. After Plaintiff expressed interest in a resolution without an attorney and asked that Cory propose another severance offer, Cory, demanded that Plaintiff refrain from all contact with him, his partners, staff, and managers, including Eli. Cory also threatened to contact the police if Plaintiff failed to comply with his demand.

42. In an email he sent on July 11, 2021, Cory stated that everyone was fearful of Plaintiff due to his "emotional issues."

43. Shortly after Plaintiff asked Defendant to remove the firm's video content featuring him from its YouTube channel, Detective Stephanie Marra of the Long Beach Police Department (LBPD) called Plaintiff informing him that Cory had filed a police report on July 10, 2021 and asked that Plaintiff cease and desist all contact with Cory.

44. Since that call from the LBPD, Plaintiff has ceased all contact with Cory and Defendant.

45. Defendant terminated Plaintiff under the guise that he had resigned from his position. However, Defendant's reason was pretextual and retaliatory due to Plaintiff's disability.

46. Plaintiff has been unable, despite reasonable efforts, to find comparable employment.

47. Plaintiff's protected activity put Defendant on notice that he was requesting a reasonable accommodation for his mental illness.

48. However, Defendant failed to make any reasonable accommodation for Plaintiff or offer Plaintiff any information regarding his eligibility for any leave.

49. Plaintiff understood that his termination was in retaliation for requesting accommodations and taking leave to recover from his mental illness.

50. Contrary to the law, Defendant failed/refused to engage in any interactive process with Plaintiff. Defendant also failed to provide any reasonable accommodation or engage in the interactive process to determine whether a reasonable accommodation could be suggested to Plaintiff.

51. Instead, Defendant terminated Plaintiff's employment having knowledge that Plaintiff suffered a mental health crisis.

52. Defendant does not have a justifiable nor reasonable excuse in terminating Plaintiff's employment.

53. Defendant's stated reason for terminating Plaintiff's employment was pretextual.

54. Plaintiff had, and/or Defendant perceived that he had, a physical and mental impairment that substantially limits one or more of his major life activities.

55. But for Plaintiff's disability, perceived disability and/or need for a reasonable accommodation, Defendant would not have terminated his employment.

56. Upon information and belief, Defendant is aware of its obligations under the ADA and the NYSHRL.

57. Defendant is aware of its legal duty and obligation to engage in an interactive process and to assess an employee's need for accommodations when the employee places Defendant on notice of a medical need/disability, which prevents the employee from continuing to work.

58. As a result of Defendant's action, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

59. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of income, the loss of a salary, bonus, benefits, and other compensation which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

60. Plaintiff was, and remains, a qualified individual who can perform the essential functions of his employment with or without a reasonable accommodation as defined by § 12111(8) of the ADA.

61. Defendant's conduct was malicious, willful, outrageous, and conducted with full knowledge of the law, and/or violation thereof.

62. As such, Plaintiff demands punitive damages against Defendant.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE ADA

63. Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

64. Plaintiff claims Defendant violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

65. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

66. Since [2011] through the present, Plaintiff has been physically and/or mentally] impaired due to his diagnosis of [bipolar disorder].

67. At all relevant times, Plaintiff's mental condition has substantially limited his major life activities.

68. At all relevant times, Plaintiff was qualified as "disabled" pursuant to the ADA because he was actually impaired as described in 42 U.S.C. § 12102(1)(A).

69. Plaintiff requested reasonable accommodations. Specifically, he requested [time off to recover from a mental health episode].

70. Defendant was aware of Plaintiff's disability and need for the accommodation of medical leave for treatment of mental illness.

71. At all relevant times, Plaintiff was qualified to perform the essential duties of the Senior Paralegal position with the requested reasonable accommodation.

72. Defendant did not make a good faith effort to accommodate Plaintiff's disability.

73. All the accommodations that Plaintiff requested were reasonable.

74. The accommodation that Plaintiff requested would not have created undue hardship for Defendant.

75. Defendant failed to communicate with Plaintiff meaningfully and in good faith concerning his disability and requested accommodations.

76. Defendant discriminated against Plaintiff in violation of the ADA by refusing to accommodate his disability and terminating his employment because of his disability.

77. Defendant does not have a justifiable reasonable excuse for terminating Plaintiff's employment.

78. Defendant knowingly and intentionally discriminated against Plaintiff because of his disability.

79. Defendant is liable for the acts and omissions of its agents and employees.

80. Plaintiff suffered injuries as a result of Defendant's failure to reasonably accommodate his disability.

81. Defendant's failure to accommodate Plaintiff's disability and termination of Plaintiff's employment due to his disability was the direct and proximate cause of Plaintiff's injuries, damages, and losses.

82. Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights under the ADA when it refused to provide a reasonable accommodation for his disability.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER THE ADA

83. Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

84. The ADA prohibits retaliation, interference, coercion, or intimidation against an employee who engages in protected activity.

85. 42 U.S.C. § 12203 provides:

Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or his having exercised or enjoyed, or on account of his or his having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

86. Plaintiff engaged in protected activity when she asked Defendant for reasonable accommodations for his disability, including the ability to take leave to recover from mental illness.

87. As a direct result of Plaintiff's request for a reasonable accommodation, Defendant retaliated against Plaintiff by terminating his employment.

88. Defendant treated Plaintiff less favorably than his similarly situated counterparts who did not engage in protected activity.

89. Defendant interfered with Plaintiff in the exercise and enjoyment of his rights under the ADA by terminating Plaintiff due to his need for an accommodation.

90. Defendant is liable for the acts and omissions of its agents and employees. Defendant, either directly or by and through its agents, retaliated against Plaintiff and caused his injuries, damages, and losses.

91. Defendant's retaliatory conduct was the direct and proximate cause of Plaintiff's injuries, damages, and losses.

92. Defendant's conduct was with malice or reckless indifference to Plaintiff's federally protected rights under the ADA.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK STATE LAW

93. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

94. Executive Law § 296 provides that:

It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, **disability**, predisposing genetic characteristics, familial status, marital status, or status as a victim of domestic violence, to refuse to hire or employ or to bar or to discharge

from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

95. As described above, Defendant discriminated against Plaintiff on the basis of his disability, in violation of NYSHRL, subjecting him to disparate working conditions and failing to accommodate his disability.

96. As a result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which he is entitled to an award of monetary damages and other relief.

97. As a result of Defendant's unlawful discriminatory conduct in violation of NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

98. Defendant engaged in an unlawful discriminatory practice by refusing to provide a reasonable accommodation for and terminating Plaintiff because of his mental illness, which qualifies as a disability within the meaning of the NYSHRL.

99. Defendant's unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

### AS A FOURTH CAUSE OF ACTION FOR RETALIATION UNDER THE NEW YORK STATE LAW

100. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

101. Executive Law § 296 provides that, "7. It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate

against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

102. As described above, Plaintiff engaged in protected activities, including by [requesting a reasonable accommodation].

103. As described above, after Plaintiff engaged in activity protected by the NYSHRL, Defendant took adverse actions against Plaintiff by, *inter alia*, terminating his employment, that would dissuade a reasonable employee from engaging in similar protected activity.

104. As a result of Defendants' retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

## JURY DEMAND

105. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by the **Americans with Disabilities Act of 1990**, 42 U.S.C. § 12101, et seq. ("ADA") and the **New York State Human Rights Law**, New York State Executive Law, § 296 ("NYSHRL") in that Defendant discriminated and retaliated against Plaintiff on the basis of his disability;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination and retaliation, and to otherwise make his whole for any losses suffered as a result of such unlawful employment practices;

C.  Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

D.  Awarding Plaintiff punitive damages;

E.  Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: Garden City, NY
      March 15, 2022

**PHILLIPS & ASSOCIATES, ATTORNEYS AT LAW, PLLC**

By: /s/ Joshua Friedman
Joshua Friedman, Esq.
*Attorney for Plaintiff*
585 Stewart Avenue, Suite 410
Garden City, New York 11530
T: (212) 248-7431
F: (212) 901-2107
jfriedman@tpglaws.com