UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
ANTHONY ZHANG,

                            Plaintiff,
- against -

ROSENBAUM, FAMULARO & SEGALL, P.C.,

                            Defendant.
----------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
22-CV-1422(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this disability discrimination action brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296 *et seq.*, are Defendant Rosenbaum, Famularo & Segall, P.C.'s ("Defendant") motion *in limine* addressing three issues, *see* Docket Entry ("DE") [48-1], and two motions *in limine* filed by Plaintiff Anthony Zhang ("Zhang" or "Plaintiff"), *see* DE [50], [56]. Each motion is opposed. *See* DE [49], [54], [59]. The motions *in limine* are granted in part and denied in part to the extent described herein.

**I.    BACKGROUND**

Plaintiff worked as a Paralegal for Defendant beginning in October 2019. *See* Complaint ("Compl."), DE [1], ¶ 14.[1] As early as November 2019, Plaintiff informed Defendant that he had been previously diagnosed with bipolar disorder. *Id.* at ¶ 19. Zhang alleges that he "was subjected to disparate treatment and harassment"

---

[1] Familiarity with the complete factual background underlying Plaintiff's claims is presumed and is only described herein to the extent that it relates to the instant motions *in limine*.

because of his disability. *Id.* at ¶ 21. Ultimately, Zhang's employment with Defendant ended on July 7, 2021. *Id.* at ¶¶ 27-33. Although the exact nature of his separation is not at issue for purposes of the instant motions *in limine*, Plaintiff claims that Defendant terminated him because of his disability, *see id.* at ¶¶ 47-54, 78, 95, whereas Defendant asserts that Zhang voluntarily resigned. *Id.* at ¶¶ 31, 45.

On March 15, 2022, Plaintiff filed the Complaint in this action, in which he asserts causes of action for discrimination and retaliation under both the ADA and NYSHRL.[2] DE [1]. Although Defendant filed pre-motion conference letters regarding anticipated motions to dismiss and for summary judgment, *see* DE [8], [27], it did not ultimately file either motion. Instead, the parties proceeded with discovery, which this Court certified as complete on November 13, 2024. *See* Electronic Order dated November 13, 2024. Also on November 13, 2024, the Court So Ordered the parties' proposed Joint Pre-Trial Order (the "JPTO") and scheduled jury selection to begin on March 31, 2025. DE [46]. Relevant here, in the JPTO, Plaintiff states that he intends to seek back pay damages, emotional distress damages, and punitive damages. DE [45]. The Court instructed the parties to serve motions *in limine* by January 6, 2025 and file the fully briefed motions with the Court on January 15, 2025, which they did.[3] *Id.* The motions are granted in part and denied in part as set forth below.

---

[2] As described below, Plaintiff has abandoned his claims for retaliation.

[3] Plaintiff argues that Defendant's motion should be denied as untimely, as Defendant served its motion one day after the Court ordered deadline of January 6, 2025. Pl.'s Opp'n at 1-2. Plaintiff did not object to the timeliness of Defendant's motion prior to submission of the fully briefed motion, and the Court will exercise its discretion in considering the allegedly untimely motion. *IMG Fragrance Brands, LLC v. Houbigant, Inc.*, No. 09 Civ. 3655(LAP), 2009 WL 5088750, at *1 (S.D.N.Y. Dec. 18, 2009) ("[A] court, in its discretion, may consider what would otherwise be [an] untimely motion . . . .").

## II. LEGAL STANDARD

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Gorbea v. Verizon N.Y., Inc.,* No. 11-CV-3758(KAM)(LB), 2014 WL 2916964, at *1 (E.D.N.Y. June 25, 2014) (citing *Luce v. United States*, 469 U.S. 38, 40 n.2, 105 S. Ct. 460, 462 (1984)). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *United States v. Paredes,* 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001). Further, the court's ruling regarding a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Luce* 469 U.S. at 41, 105 S. Ct. at 463. In considering a motion *in limine*, a court "may reserve decision until trial, so that the motion is placed in the appropriate factual context." *Gogol v. City of New York*, No. 15 Civ. 5703(ER), 2018 WL 4616047, at *1 (S.D.N.Y. Sept. 26, 2018).

## III. DISCUSSION

### A. Defendant's Motion *In Limine*

Defendant filed a single motion *in limine* in which it seeks to: (1) preclude testimony and evidence related to claims of retaliation; (2) preclude the jury from considering evidence of economic damages; and (3) bifurcate the issue of punitive damages by precluding testimony regarding the Defendant's financial status. DE [48-1].

1.  Preclusion of Testimony and Evidence Related to Retaliation

Defendant seeks to preclude testimony or evidence of Plaintiff's retaliation causes of action on the ground that Zhang has abandoned these claims. *See* Memorandum of Law in Support of Defendant's Motion *In Limine* ("Def.'s Mem."), DE [48-1], at 3-5. Plaintiff does not oppose this portion of Defendant's motion. *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion *In Limine* ("Pl.'s Opp'n"), DE [49], at 1. Accordingly, Defendant's motion is granted in this respect and Plaintiff is precluded from introducing evidence or testimony at trial that is related exclusively to his abandoned causes of action for retaliation.

2.  Calculation of Economic Damages

Next, Defendant "objects to sending any lost wages issue to the jury, and seeks an Order that (1) lost wage issues will be exclusively determined by the Court and (2) any evidence relating to lost wages will not be presented to the jury." Def.'s Mem. at 5. Defendant argues that an award of economic damages is an equitable remedy that must be made by the Court. *Id.* In opposition, Plaintiff argues that "Defendant overlooks the fact that Plaintiff also brings a claim pursuant to the New York State Human Rights Law," and that under the NYSHRL, economic damages are "to be determined by the jury." Pl.'s Opp'n at 2. Therefore, Zhang requests that "the Court try the issue of economic damages under federal law with an advisory jury pursuant to Federal Rule of Civil Procedure 39(c)(1)." *Id.*

An award of lost wages under federal law "is an equitable remedy" for which "a party is generally not *entitled* to a jury determination on the question." *Broadnax*

4

*v. City of New Haven*, 415 F.3d 265, 271 (2d Cir. 2005) (emphasis in original). "Under the ADA, both back pay and front pay are equitable remedies." *Morse v. JetBlue Airways Corp.*, No. 09-CV-5076(KAM)(MDG), 2014 WL 2587576, at *2 (E.D.N.Y. June 9, 2014). Therefore, "back and front pay awards made pursuant to the ADA are determined by the court." *Id.* In contrast, "any form of money damages . . . is a legal remedy to be decided by the jury under the NYSHRL." *Chisholm v. Mem'l Sloan-Kettering Cancer Ctr.*, 824 F. Supp. 2d 573, 576 (S.D.N.Y. 2011). Accordingly, "back pay is a legal remedy, as to which [a plaintiff] is entitled to a jury verdict, under [New York Law] . . . ." *Dodd v. City Univ. of New York*, 541 F. Supp. 3d 318, 321 (S.D.N.Y. 2021).

Relevant here, Fed. R. Civ. P. 39 provides that, "[i]n an action not triable of right by a jury, the court, on motion or on its own . . . may try any issue with an advisory jury." Fed. R. Civ. P. 39(c)(1). "The findings of an advisory jury are not binding, and the responsibility for decision and for making findings of fact remains with the court." *Peele v. New York City Dep't of Soc. Servs.*, No. 92 Civ. 3765(SWK)(LB), 1995 WL 110085, at *5 (S.D.N.Y. Mar. 4, 1995). Nevertheless, "[c]ourts presiding over jury trials where lost wages were considered an equitable remedy under federal law and a legal remedy under state law have either treated the jury's lost wage awards as advisory or considered lost wages to have been awarded under state law, and, therefore, treated the award as non-advisory." *Okeke v. New York & Presbyterian Hosp.*, No. 16-CV-570(CM), 2017 WL 2484200, at *2 (S.D.N.Y. June 6, 2017); *see Colon v. City of New York*, No. 16-CV-4540(VSB), 2023 WL

5

6497650, at *8 (S.D.N.Y. Oct. 5, 2023) (granting the plaintiff's "request for an advisory jury to assist with the determination of economic damages" for federal claims); *Tse v. UBS Fin. Servs., Inc.*, 568 F. Supp. 2d 274, 297 n.11 (S.D.N.Y. 2008) ("[T]he Court has the authority to request that the jury enter an advisory verdict on plaintiff's economic damages, which the Court could then take into account when making a final determination on damages.").

Here, Plaintiff seeks economic damages in the form of back pay. *See* JPTO at § XI(A). He does not differentiate between the ADA and the NYSHRL, and backpay is available under both statutes. *Gordon v. APS Contractors Inc.*, No. 21-CV-2259(WFK)(JRC), 2024 WL 4029520, at *8 (E.D.N.Y. Feb. 20, 2024) ("Back pay is also available under the NYSHRL . . . ."); *Tse v. New York Univ.*, 190 F. Supp. 3d 366, 371 (S.D.N.Y. 2016) ("[B]ack pay, reinstatement, and front pay are available in [federal] disability discrimination cases."); *Morse*, 2014 WL 2587576, at *3 ("Back pay is available to plaintiffs under the ADA, NYSHRL, and NYCHRL."). As the jury may hear evidence of Plaintiff's economic damages related to his claims arising under the NYSHRL, for the sake of judicial economy, the Court will also rely on the empaneled jurors as an advisory jury pursuant to Fed. R. Civ. P. 39(c)(1) with respect to his claims for economic damages arising under federal law. *See Colon*, 2023 WL 6497650, at *8 (holding that an advisory jury was appropriate for federal claims where the jury would "already be reviewing evidence and making factual findings related to economic damages" for the plaintiff's state law claims); *Morse*, 2014 WL 2587576, at *3 (relying on jurors as advisory jury to address federal lost wages claims); *Peele*, 1995

6

WL 110085, at *6 (relying upon the same individuals empaneled as jurors to serve as an advisory jury).

Accordingly, Defendant's motion *in limine* regarding the calculation of economic damages, DE [48], is granted in part and denied in part. Plaintiff may present evidence of his economic damages at trial, with the jury serving as an advisory jury insofar as the economic damages relate to Zhang's claims arising under the ADA.

### 3. Bifurcation of Punitive Damages

Finally, Defendant seeks an order bifurcating the evaluation of punitive damages in the event of a finding of liability. Def.'s Mem. at 6-7. Defendant argues that any attempt "to offer financial information related to a law firm such as Defendant prior to any liability determination is essentially asking the jury to award a level of damages to Plaintiff simply because Defendant 'can afford it,' and not because the conduct warrants such an award." *Id.* "Whether to bifurcate a trial into liability and damages phases is a matter within the sound discretion of the trial court." *Mineo v. City of New York*, No. 09-CV-2261(RRM)(MDG), 2013 WL 1334322, at *1 (E.D.N.Y. Mar. 29, 2013) (quoting *Getty Petroleum Corp. v. Island Transp. Corp.*, 862 F.2d 10, 15 (2d Cir. 1988)). Requiring a jury to determine the issue of liability and then subsequently determine an award of punitive damages, if appropriate, would not serve the interests of judicial economy. *Doe 1 v. United States Twirling Ass'n, Inc.*, No. 22-CV-5399(OEM)(ST), 2024 WL 1858230, at *4 (E.D.N.Y. Apr. 28, 2024) (holding that bifurcation would neither serve the interests of judicial

7

economy nor "warrant an exercise of the court's discretion to deviate from the norm of a single trial") (citing *Lewis v. Am. Sugar Refin., Inc.*, No. 14-CV-2302(CRK), 2018 WL 11409640, at *5 (S.D.N.Y. Mar. 27, 2018)). Accordingly, Defendant's motion is denied insofar as it seeks to bifurcate the issue of punitive damages.

### B. Plaintiff's Motions *In Limine*

In Plaintiff's two motions, he seeks to exclude: (1) a recording of a telephone call between him and an unnamed Long Beach Police Department ("LBPD") detective four days after his separation; and (2) several medical records. *See* DE [53], [58-11]. Defendant opposes both motions. DE [54], [59]. Plaintiff's motions are granted in part and denied in part.

#### 1. Recording of Call with Long Beach Police Department Detective

Plaintiff first seeks to preclude admission of Defense Exhibit 12 of the JPTO, which is a recording of a telephone call between Plaintiff and an LBPD detective. DE [53]. The motion is granted.

On July 12, 2021 – four days after Plaintiff's separation – the LBPD contacted Zhang via telephone asking him to cease and desist all communication with Defendant's owner, Cory Rosenbaum. DE [51-2]. The detective informed Zhang that she was investigating a report of harassment that Rosenbaum had filed against Zhang and that if Zhang continued to email Rosenbaum, his conduct could rise to the level of aggravated harassment. *Id.* The only reference to Plaintiff's employment or separation was when the detective stated that her understanding was that there were "discrepancies on whether or not" Zhang thought he was fired. *Id.* The remainder of

the call was the detective requesting that Plaintiff stop emailing Rosenbaum and explaining the consequences of his failure to do so. *Id.*

Plaintiff argues that "[t]he recording of the phone call has no relevance to this action, occurring, as it did, several days after the end of Plaintiff's employment with Defendant." *See* Memorandum of Law in Support of Plaintiff's Motion *In Limine* to Exclude the Recording of Conversation with a Long Beach Police Detective, ("Pl.'s Phone Mem."), DE [53], at 2. Zhang further asserts that there is a "severe risk of unfair prejudice" as a "jury could easily reach the improper conclusion that [he] must have done something wrong if a police detective was calling him to tell him to cease and desist communication with Rosenbaum." *Id.* Defendant counters that the call rebuts "Plaintiff's disability discrimination claim because it reveals Defendant's legitimate concern about the emails Plaintiff sent after his employment was terminated." *See* Defendant's Memorandum of Law in Opposition to Plaintiff's Motion *In Limine* to Exclude the Recording of Plaintiff's Conversation with a Long Beach Police Detective ("Def.'s Phone Opp'n"), DE [54], at 1. Defendant further argues that the call occurred based upon two post-separation emails from Plaintiff that he seeks to introduce, and is therefore "part of the same chain of events." *Id.* at 2.

Plaintiff's motion is granted, as the content of the recorded call is irrelevant and potentially unduly prejudicial. *See* Fed. R. Evid. 402, 403. There is no reference to Plaintiff's employment or the basis for his separation other than the fact that there may have been "some discrepancies on whether or not" Zhang thought he was fired.

9

DE [51-2]. Indeed, Defendant concedes that the emails Zhang sent "after his employment was terminated" prompted the investigation and call. Def.'s Phone Opp'n at 1. To that end, contrary to Defendant's argument that Zhang's intention to introduce the post-separation emails necessitates that Defendant "have the opportunity to tell the rest of the story via the Recording of the call from the police detective," *id.* at 4, Defendant does not explain how "the rest of the story" is appropriately told by a recorded telephone conversation with an unrelated third party. This is particularly true here, as the call itself includes no substantive or relevant discussion of Plaintiff's employment or separation and Defendant has identified Rosenbaum, the recipient of the emails that prompted the telephone call, as a fact witness it intends to call at trial. *See* JPTO § VII. Moreover, Defendant offers no basis for admitting a third-party witness's recitation of Plaintiff's post-separation emails to Rosenbaum. As Defendant fails to establish any basis to admit the recording of Plaintiff's phone call with the LBPD, Plaintiff's motion *in limine* related to the call, DE [50], is granted.

2. Exclusion of Certain Medical Records[4]

Plaintiff seeks to preclude medical records identified as Defendant's Exhibits 13 and 16-24 of the JPTO. *See* Memorandum of Law in Support of Plaintiff's Motion *In Limine* to Exclude Certain Medical Records ("Pl.'s Records Mem."), DE [56]. Zhang

---

[4] Plaintiff also requests that the medical records at issue be permitted to be filed under seal. DE [58]. Given their sensitive nature, and without opposition, the application to file Plaintiff's medical records under seal, DE [58], is granted. *Dabiri v. Fed. of States Med. Bds. of the United States, Inc.*, No. 08-CV-4718(EK), 2023 WL 3741978, at *3 (E.D.N.Y. May 31, 2023) ("Courts have 'recognized [a] privacy interest in medical records.'") (quoting *United States v. Sattar*, 471 F. Supp. 2d 380, 387 (S.D.N.Y. 2006)).

10

argues that each of these exhibits is inadmissible under Fed. R. Evid. 403 as they are unduly prejudicial because they reference his use of and/or reliance upon alcohol and various drugs. *Id.* Defendant does not challenge the motion with respect to Exhibits 13 and 16-19. *See* Defendant's Memorandum of Law in Opposition to Plaintiff's Motion *In Limine* to Exclude Certain Medical Records ("Def.'s Records Opp'n"), DE [59], at 1. Accordingly, Exhibits 13 and 16-19 are deemed withdrawn and may not be presented at trial. Only Defendant's Exhibits 20-24 remain for consideration.

Pursuant to Fed. R. Evid. 403, even relevant evidence "may be excluded if its probative value is outweighed by its potential to unduly prejudice a party." *Llerando-Phipps v. City of New York*, 390 F. Supp. 2d 372, 379 (S.D.N.Y. 2005) (citing Fed. R. Evid. 403). Here, Plaintiff argues that the exhibits "should be excluded under Federal Rule of Evidence 403 as the danger of unfair prejudice substantially outweighs any probative value the documents may have." Pl.'s Records Mem. at 6. In opposition, Defendant asserts that "Plaintiff placed his emotional condition as a central issue for trial by seeking to recover exorbitant emotional distress damages." Def.'s Records Opp'n at 1. Accordingly, Defendant takes the position that the records at issue "are crucial to rebut Plaintiff's claims that he is suffering from emotional distress caused by Defendant's conduct." *Id.* at 4.

Having reviewed Defendant's Exhibits 20-24, the Court is not persuaded of their probative value. Although Plaintiff seeks an award of emotional distress damages, *see* JPTO at § XI(A), it is unclear how the medical records at issue demonstrate whether he suffered emotional distress. Moreover, courts have held that

11

references to "undefined history of [drug] usage is unduly prejudicial and will only confuse the jury." *Castro v. Smith*, No. 16-CV-8147(JGLC), 2024 WL 69196, at *2 (S.D.N.Y. Jan. 5, 2024); *see Goss v. Sealift Inc.*, No. 19-CV-5123(CPL), 2024 WL 670405, at *1 (E.D.N.Y. Jan. 17, 2024) ("The law is well established that the use of drugs may not be used to attack a witness's general credibility, but only his or her ability to perceive the underlying events and testify lucidly at trial.") (internal alteration and quotation omitted); *In re Gen. Motors LLC Ignition Switch Litig*, No. 14-MC-2543(JMF), 2016 WL 4410008, at *6 (S.D.N.Y. Aug. 18, 2016) (observing that evidence of drug use could prove to be highly prejudicial). Nevertheless, the Court defers ruling on the admissibility of Defendant's Exhibits 20-24 until trial when Defendant can better establish the necessity of submitting Exhibits 20-24 to the jury.

## IV.   CONCLUSION

For the reasons set forth herein, Defendant's motion *in limine*, DE [48], is: (1) granted with respect to Plaintiff's claims for retaliation; (2) granted in part and denied in part with respect to presentation of economic damages to the jury; and (3) denied with respect to bifurcation of punitive damages. Plaintiff's motion *in limine* regarding his telephone call with the LBPD, DE [50], is granted. Plaintiff's motion *in limine* regarding his medical records, DE [56], is granted in part and denied in part insofar as Exhibits 13 and 16-19 are deemed withdrawn and Exhibits 20-24 will be addressed at trial.

Jury selection will proceed as scheduled on March 31, 2025 at 9:00 a.m. in Courtroom 820 of the Central Islip courthouse.

12

Dated: Central Islip, New York  **SO ORDERED.**
February 25, 2025

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge